IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| VS. | ) | No. 93-10052-03-T |
| ROBERT HENRY BRUCE, | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION

On July 21, 2005, defendant Robert Henry Bruce, Bureau of Prisons inmate registration number 03002-033, an inmate at the United States Penitentiary in Atlanta, Georgia, filed a motion in this closed criminal case styled "Motion Request to Answer Question As To a Defect In the Proceedings." In that motion, Bruce contends that, although he was indicted and tried for a capital crime, the Court appointed only one attorney to represent him. Pursuant to 18 U.S.C. § 3005, if a capital crime is charged the Court "shall promptly, upon the defendant's request," assign two attorneys to represent him.

Bruce was indicted along with four co-defendants on November 1, 1993; a superseding indictment against the same defendants was returned on December 13, 1993. Bruce was charged in eight counts with (i) conspiracy to commit extortion, racketeering, and threats, in violation of 18 U.S.C. § 1951; (ii) affecting commerce and movement of commodities by committing robbery by use of extortion and threats, in violation of 18 U.S.C. §§ 1951 and 2; (iii) use of a firearm during the

commission of a felony, in violation of 18 U.S.C. § 924(c); (iv) use of explosives to destroy by means of fire, in violation of 18 U.S.C. §§ 844(i) and 2; (v) use of fire to commit robbery and murder, in violation of 18 U.S.C. §§ 844(h)(1) and 2; (iv) and (vii) first-degree murder to prevent communication of law enforcement officials, in violation of 18 U.S.C. §§ 1951, 844(i), and 1512(a)(1)(C); and (viii) conspiracy to obstruct justice, commit perjury, and intimidate and threaten witnesses, in violation of 18 U.S.C. § 371. The United States did not seek the death penalty.

The trial began on April 3, 1995 as to all of the defendants except Charles Gary Bruce, who was a fugitive. On April 21, 1995, the jury found Bruce guilty on each of the eight counts in which he was named. On July 17, 1995, he was sentenced to an effective term of life imprisonment plus ten years, to be followed by a three-year period of supervised release. Judgment was entered on August 1, 1995, and a corrected judgment was entered on October 10, 1995. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Bruce, et al., Nos. 95-6046, -6047, -6048, -6049, 1996 WL 640468 (6th Cir. Nov. 5, 1996), *cert. denied*, 520 U.S. 1128 (Mar. 17, 1997).

Bruce filed a motion under 28 U.S.C. § 2255 on March 16, 1998. On November 19, 1998, after the United States responded to the motion and Bruce filed a reply, the Court entered an order denying the § 2255 motion, denying a certificate of appealability, and certifying that an appeal would not be taken in good faith. Judgment was entered on November 24, 1998. United States v. Bruce, No. 98-1073 (W.D. Tenn.). Bruce appealed and the Sixth Circuit also denied a certificate of appealability. United States v. Bruce, No. 98-6782 (6th Cir. Nov. 15, 1999).[1]

---

[1] Bruce filed a second notice of appeal from the same decision, which was docketed separately by the Court of Appeals. The second appeal was dismissed for failure to prosecute. United States v. Bruce, No. 99-5253 (6th Cir. May 4, 1999).

This Court has no authority to hold, upon an irregular motion filed more than eight years after the Supreme Court denied certiorari on direct appeal, that Bruce's trial was defective because he was not provided with a second attorney pursuant to 18 U.S.C. § 3005. The proper method of raising issues that were not argued on direct appeal is by motion pursuant to 28 U.S.C. § 2255. However, Bruce has already filed a motion under § 2255 in which he did not raise any issues related to 18 U.S.C. § 3005. Section 2255 provides that "[a] second or successive" motion may not be filed unless it is first "certified as provided in section 2244 by a panel of the appropriate court of appeals."

Bruce has not obtained permission from the Sixth Circuit to file a second or successive § 2255 motion. In addition, as Bruce has not characterized his present motion as having been brought under that statute, the Court declines to transfer the motion to the Sixth Circuit. See In re Shelton, 295 F.3d 620 (6th Cir. 2002) (cautioning district courts against construing *pro se* motions as motions pursuant to § 2255).

The defendant's irregular motion is DENIED.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

22 July 2005
DATE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 718 in case 1:93-CR-10052 was distributed by fax, mail, or direct printing on July 26, 2005 to the parties listed.

---

Robert H. Bruce
U.S.P.
03002-033
P.O. Box 150160
Atlanta, GA 30315

Honorable James Todd
US DISTRICT COURT