IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
VS. ) No. 93-10052-03-T
)
ROBERT HENRY BRUCE, )
)
    Defendant. )

## ORDER DENYING MOTION TO RECONSIDER

On July 21, 2005, defendant Robert Henry Bruce, Bureau of Prisons inmate registration number 03002-033, an inmate at the United States Penitentiary in Atlanta, Georgia, filed a motion in this closed criminal case styled "Motion Request to Answer Question As To a Defect In the Proceedings." Bruce contended that, although the United States did not ultimately seek the death penalty, he was indicted and tried for a capital crime. Therefore, he argues that the Court should have appointed two attorneys to represent him in accordance with 18 U.S.C. § 3005. The Court issued an order denying the motion on July 22, 2005.

In the July 22 order, the Court held that it had no authority to consider Bruce's claim. The judgment in this case was final over eight years ago, and a subsequent motion filed pursuant to 28 U.S.C. § 2255 was denied. United States v. Bruce, No. 98-1073 (W.D. Tenn.

This document entered on the docket sheet in compliance
with Rule 55 and/or 32(b) FRCrP on ___8/5/05___

Nov. 18, 1998), *cert. of appealability denied* (6th Cir. Nov. 15, 1999). The Court also noted that Bruce did not specifically file the present motion under § 2255 and declined to construe it as such.

On August 4, 2005, Bruce filed a motion to reconsider, arguing that under the authority of Gonzales v. Crosby, 125 S. Ct. 2641 (2005), this Court has the authority to consider his motion. In Gonzales, the Supreme Court explained the circumstances under which a motion filed pursuant to Federal Rule of Civil Procedure 60(b) should be construed as a second or successive habeas petition. However, Bruce did not file a Rule 60(b) motion in his closed § 2255 case. He filed only an irregular motion in his closed criminal case.

Even if Bruce had filed his motion as a Rule 60(b) motion in his prior § 2255 case, under the guidelines set out in Gonzales it clearly raises a new claim for relief from his conviction that this Court may not consider unless permission is obtained from the Court of Appeals. 125 S. Ct. at 2648. Therefore, the motion to reconsider is DENIED.

At the conclusion of his motion to reconsider, Bruce asserts: "If the court declines the above a transfer of this Motion, Request for Counsel Motion and Reconsideration be transferred to the Sixth Circuit, for an Appeal Notice." This statement does not make it clear whether Bruce seeks transfer of this case to the Sixth Circuit as a second or successive § 2255 motion or whether he is merely stating his intent to file a notice of appeal if his motion is denied. Therefore, the Court again declines to transfer this action to the Court of Appeals.

In order to properly raise this or any other new issue challenging his conviction, Bruce should file, directly with the Sixth Circuit Court of Appeals, a motion seeking leave to file a second or successive §2255 motion.

The Court finds that no reasonable jurist could disagree that this Court is without authority to consider defendant's claim. Therefore, it is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any *in forma pauperis* appeal of the denial of defendant's "Motion Request to Answer Question As To a Defect In the Proceedings" and Motion to Reconsider, would not be taken in good faith.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

_5 August 2005_____
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 720 in case 1:93-CR-10052 was distributed by fax, mail, or direct printing on August 5, 2005 to the parties listed.

---

Robert H. Bruce
U.S.P.
03002-033
P.O. Box 150160
Atlanta, GA 30315

Honorable James Todd
US DISTRICT COURT