IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 93-10052-03-JDT |
| ROBERT H. BRUCE, | ) ) | |
| Defendant. | ) | |

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

On June 19, 2015, Defendant Robert H. Bruce filed a *pro se* document asking for counsel to be appointed for the purpose of seeking relief from his convictions in this closed criminal case. (ECF No. 737.) In the document, titled "Notice of Eligibility of Bailey v. United States 516 US 137 (1995) Appointment of Counsel Requested," Defendant asserts, based on the decision in *Bailey*, that he is "actually innocent" on counts three and five of the superseding indictment because he did not actively employ a firearm.

On November 1, 1993, a federal grand jury returned an indictment against the Defendant and four co-defendants.[1] Defendant was indicted on eight out of ten counts: (1) conspiracy to commit extortion, racketeering, and threats in violation of 18 U.S.C. § 1951; (2) affecting commerce and movement of commodities by committing robbery by use of extortion and threats in violation of 18 U.S.C. § 1951; (3) use of a firearm during the commission of a felony in violation of 18 U.S.C.

---

[1] The co-defendants were Robert H. Bruce's brothers, Charles Gary Bruce and Jerry Lee Bruce; their mother, Mary Kathleen Ryion; and William David Riales. Charles Gary Bruce escaped from custody prior to trial, and his case was severed from the remaining defendants when the trial began on April 3, 1995; he was eventually re-captured and tried in 1996.

§ 924(c); (4) use of explosives to destroy by means of fire in violation of 18 U.S.C. § 844(i); (5) use of fire to commit robbery and murder in violation of 18 U.S.C. § 844(h)(1);[2] (6) and (7) first-degree murder to prevent communication to law enforcement officials in violation of 18 U.S.C. § 1512(a)(1); and (8) conspiracy to obstruct justice, commit perjury, and intimidate or threaten witnesses in violation of 18 U.S.C. § 371. The superseding indictment was returned on December 13, 1993, modifying the beginning date of the conspiracy from January 1991 to December 1990.

At the conclusion of the trial on April 21, 1995, the jury convicted Defendant on all eight counts. On July 17, 1995, he was sentenced to two concurrent terms of life imprisonment on counts six and seven; three concurrent terms of 240 months on counts one, two, and four; two consecutive terms of sixty months on counts three and five; and a concurrent term of sixty months on count eight, for an effective term of life imprisonment plus ten years. (Minutes, ECF No. 469.) Judgment was entered on July 31, 1995. Defendant appealed, and the Sixth Circuit affirmed. *United States v. Bruce*, 100 F.3d 957 (6th Cir. 1996), *cert. denied,* 520 U.S. 1128 (1997).

Defendant filed a motion pursuant to 28 U.S.C. § 2255 on March 16, 1998, which was docketed as case number 98-1073-JDT. The Court denied the § 2255 motion on November 18, 1998, and judgment was entered on November 23, 1998. On appeal, the Sixth Circuit denied a certificate of appealability. *Bruce v. United States*, No. 98-6782 (6th Cir. Nov. 15, 1999).

On April 16, 2003, Defendant filed a motion in the criminal case contending that the Court lacked subject matter jurisdiction over the offenses charged in counts six and seven. The Court denied that motion on May 14, 2003, noting it had no authority to modify a final judgment and that

---

[2] Notwithstanding Defendant's argument, *Bailey* has no application to count five, which charged him with using *fire* to commit robbery and murder under § 844(h)(1), not a firearm.

Defendant had not sought leave from the Sixth Circuit to file a successive § 2255 motion, as required by the statute.[3] (ECF No. 710.) Defendant filed a late appeal, and the Sixth Circuit dismissed for lack of jurisdiction. *United States v. Bruce*, No. 03-6247 (6th Cir. Dec. 15, 2003).

On July 21, 2005, Defendant filed another motion in the criminal case, contending that his trial was defective because he was appointed only one attorney even though he was charged with a capital crime. The Court denied that motion on July 22, 2005, again ruling that there was no authority to modify the judgment and that Bruce had not sought permission to file a successive § 2255 motion. (ECF No. 718.) The Court also denied Defendant's motion to reconsider. (ECF No. 720.) Defendant appealed, and the Sixth Circuit dismissed for failure to pay the filing fee. *United States v. Bruce*, No. 05-6321 (6th Cir. Sept. 21, 2005).

Defendant filed a third irregular motion on May 30, 2013 (ECF No. 731), contending that his convictions on counts six and seven were invalid in light of the decision in *Fowler v. United States*, — U.S. —, 131 S. Ct. 2045 (2011). The Court denied the motion on June 3, 2013 (ECF No. 732), and Defendant did not appeal.

Like the others, Defendant's latest attempt to obtain relief from his convictions is meritless. In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court held that in order for a person to be convicted of "using" a firearm under 18 U.S.C. § 924(c)(1), the firearm must be actively employed. 516 U.S. at 143-50. As a result, some defendants whose convictions were already final when *Bailey* was decided were permitted to rely on the ruling to argue they were actually innocent

---

[3] Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." Pursuant to § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

of a § 924(c)(1) charge. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). However, the date of the decision in *Bailey* was December 6, 1995. At that time, Defendant's convictions were not final, as his direct appeal was still being briefed in the Sixth Circuit. Thus, the *Bailey* claim of actual innocence could have been raised in the appellate court. Defendant also could have raised the claim in his timely § 2255 motion in 1998. What Defendant cannot do, nearly twenty years after the decision in *Bailey*, is raise such a claim for the first time.

Defendant's request for appointment of counsel to investigate the possibility of raising a claim under *Bailey* is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE